Our next case this morning is U.S. v. Mason, 2250-83. Give me one second here. Sure. Okay, you may proceed. Thank you. Thank you. My name is Dean Sandiford from the Federal Defenders, and I'm here for Anthony Mason. If Mr. Mason had been convicted in state court, the judge would not have been required to impose the seven-year sentence in the burglary statute. The judge could have suspended the sentence in whole or in part, with or without probation, or the judge could have deferred the sentence, which could have resulted in no conviction at all. For these reasons, and under Jones, the burglary statute does not impose a mandatory minimum under the Indian Major Crimes Act. The district court ruled otherwise based on language in Jones that describes the Oklahoma statute as a mandatory minimum, but that language was dicta. Jones did not involve the Oklahoma statute or even Oklahoma law at all. It was addressing a New Mexico statute, and it didn't undertake the analysis necessary to determine whether or not the statute was an actual mandatory minimum. It appears that the Jones panel believed that Wood had decided that question, but if so, that's incorrect. The issue in Wood wasn't whether the statute had a mandatory minimum. It was whether a federal court could suspend a sentence pursuant to Oklahoma law. Wood does state in its conclusion that the district court properly applied the mandatory minimum, but it wasn't an issue in the case. It wasn't litigated, and it wasn't something the court actually analyzed. Well, what about United States v. Garcia? Doesn't that sort of lay down the rule that the mandatory minimum is included, but none of the others, deferred, et cetera, is carried with it? Yes, that's absolutely correct. It does set down the rule, but what Jones says is that when you're trying to decide whether or not there's a mandatory minimum, you have to look at whether the sentence is actually mandatory in state court. Well, that's actually mandatory if the judge has the authority to defer the sentence or to reduce it, but that's the judge's prerogative, not the defendant's prerogative. That's absolutely right, but if the judge has the ability to do that, then it's not a mandatory minimum. That's what Jones holds for the New Mexico statute is that because it looked like there was a six-year minimum, but since a state court could suspend or defer it, it's an optional sentence for the judge. But we don't accept the deferred aspect of it, so you don't have it. I think there's two different aspects to this. There's the cases like Wood and Polk that say a federal court can't employ sentencing options that are not available in federal court and conflict with federal policy. But in looking to whether there's a mandatory minimum or not, you can look to whether it would be available in state court because it means the sentence is optional and not a mandatory sentence. You have to read Jones in light of Wood in these cases. They're two completely separate issues. In cases like Wood, the defendant is coming into federal court and saying, Judge, suspend my sentence pursuant to this Oklahoma statute. The judge says, No, I can't do that. We don't have suspended sentences in federal court. But on the separate question of whether there's a mandatory minimum, you have to look to whether it's a true mandatory minimum in state court. And if a state court wouldn't have to impose the sentence, then it's not a mandatory minimum. And one reason a state court wouldn't have to impose the sentence is because of the availability of suspension and deferment in state court. That's what Jones holds. Let me make sure I'm understanding the argument. So, unlike in Wood, Mr. Mason wasn't coming into federal court and making the same request that Wood was making in Wood's case. Is that what you're saying? Absolutely correct. Mr. Mason never said, Judge, suspend my sentence. What Mr. Mason argued was, this isn't a mandatory minimum. You look at this statute, it says not less than seven years. But in state court, this seven years is not a true mandatory minimum. It's an optional sentence. The defendant could receive no sentence at all. It takes a little while to sort this out. And so, what was giving me some trouble is the fact that in Wood, Wood involved virtually the same statute. It did. I mean, it was the second degree, but the same statute. Yes. Yes. Yeah. But asking a different question. That's your argument. That's correct. And Jones is our main authority for this because, yes, Jones is a New Mexico statute. But what Jones says is, this statute looks like a six-year floor. A judge can reduce based on mitigating circumstances, but only to six years. But it's not a mandatory minimum because a state court could suspend or defer it. This is a question of state law, whether this is a mandatory minimum. And if the sentence is optional in state court, then it's not a mandatory minimum that has to be imposed in federal court. That's an entirely different question than coming into federal court and saying, judge, suspend my sentence. We don't have suspended sentences in federal court. That's not an option. At the risk of belaboring points, if Wood had actually made this argument instead of the argument that was made, we'd have this case. Yes. That's right. We would have this case. And I think Wood would have come out differently under the analysis that this court used in Jones. Let me read you the last sentence of Wood. It says, because the maximum of defendant's guideline range fell below the minimum of her statutory range, the district court properly sentenced defendant to the two-year minimum. Right. So they're clearly saying that the minimum of her statutory range was more than zero. And you're arguing that the minimum of statutory range was zero. Right. But my response to that, though, is that that wasn't the issue in Wood. The issue presented to the court in Wood. They thought that was important in their analysis. It's sometimes hard to draw the line about what was essential to a decision. If a panel of our court thinks that something was essential to its decision, later panels respect that and treat that as a holding. And isn't that what we should do here? No, it's not, because that wasn't the issue in Wood. It was never analyzed in the way it was in Jones as to whether or not this was a mandatory minimum. It didn't perform the same analysis as in Jones. Jones thought that it was a different situation in Oklahoma and distinguished Wood. So it thought that was important to the decision in Wood. And this last sentence of the opinion, sure, sure, sounds like they felt that the result they're reaching depended on finding that the statutory minimum was greater than two years, which is more than zero. Right. I understand that. But let me respond. I agree with you that Jones thought that Wood reached that holding and that it felt necessary to distinguish Wood. My response to that is that that part of Wood is dicta because it wasn't the issue presented to the court. If you look at what was raised in Wood, it was whether a federal court could suspend a sentence. Nobody briefed and nobody argued and nobody analyzed whether or not that two years was actually a mandatory minimum. Wood does reach that conclusion. I completely agree with you. But it wasn't the issue that was presented to it. So I think it's... That's a good argument that something is dictum because that issue wasn't argued. Right. But it's also not dictum if the court thought, that decided the case, thought it was essential to its decision. Maybe it wasn't essential. Maybe they could have reached the same result another way. They thought they reached it because the minimum sentence in Oklahoma exceeded two years. Okay. Well, let me try this. Okay. So I think that this question of what's dicta and holding and an opinion, that's an interpretive question for later courts. You don't look... It's not a question of authorial intent. It's a question of we need to look at this opinion and see what we need to follow and what we don't need to follow. That was... It just wasn't at issue in Wood. I agree that Wood reached that conclusion. But it wasn't analyzed in any way in the way that it was in Jones. And it wasn't an issue that was briefed to the court. And if you look at these two sentencing schemes, the one in New Mexico and the one in Oklahoma, they are materially identical. In both systems, you have what looks like a mandatory minimum and you have suspension and deferment procedures. In New Mexico, Jones held. That means no mandatory minimum. Why would it be any different for Oklahoma? They have the exact same system. You have what looks like a mandatory minimum, but a state court could suspend or defer it. It creates this, you know, really indiscernible distinction between these two systems when they're exactly the same. And I think fundamentally, you know, when you're distinguishing between holding and dicta, I understand the point about what's necessary to the decision and what's not. But fundamentally, when you have a panel that's not actually analyzing, not deciding the issue based on the briefs, it's not the kind of carefully considered conclusion that you have to treat as a holding. And there's no reason to treat these two systems differently because they are exactly the same. I don't even think the government disputes that based on their briefs. Well, if there's no deferment and by the state judge, is there a minimum? The state judge gets to decide, but the point about a mandatory... If he decides, I'm not going to do anything. I'm going to follow the statute. Sure. Can he just pick one year? I just want one year. I don't care what the statute says. Well, then he could suspend it. He could partially suspend. Could he say, I just am going to give her one year because I want to? Well, I think it would have to be done within the suspension framework of the statute. But the point about a mandatory minimum is that the judge has no discretion to go below it. There's no question that under this Oklahoma scheme... Well, we have mandatory minimums in the federal system, and if there's circumstances that the court can find it, I'm not going to give him the mandatory minimum. Does that make it not a mandatory minimum? Well, no, it doesn't in a particular case. But I think under cases like Garcia that are saying we follow the state minimums and maximums, the minimums mean the bottom, that the state court can't go below. Jones addresses all this. Jones says that the six-year seeming mandatory minimum under New Mexico law was not a mandatory minimum. Because for one thing, the statute doesn't call it a mandatory minimum. It says it's the default sentence, I guess. That's not the word it uses. There are lots of technical distinctions here, and they may not be very persuasive to you or maybe even to a member of this panel. But we thought those distinctions were important in Jones. The question here, and this is something we deal with all the time. It's been an hour in conference on one of these earlier this week. To what extent do we respect what a prior panel has said? And if a prior panel says something and it used it to decide the issue, we generally show respect for that. We can always unbonk, change that. Maybe there's some distinction we can make, but it's hard to distinguish the case, our case, from what they said in Wood because it's the same statute. I agree, yeah. I agree. I mean, I don't have any other answer for that than the one that I've already given you. It's a tough question. But on the point about this distinction between New Mexico and Oklahoma, I would push back on that because what the New Mexico statute says is, basic sentence of nine years, and then it says, in no case shall a judge reduce it by more than one-third based on mitigating circumstances. That's just as expressed as no less than in the Oklahoma statute. Well, you might think so, but I don't think Jones did. I think what was going on in Jones is that Jones thought that Wood had already held on this issue and that it had to be distinguished. But that's simply not correct. I understand. We disagree on that. But, you know, I don't think it makes any sense to give controlling weight to this conclusion in Wood when it wasn't the issue in the case and there aren't any distinguishing factors between these two schemes. There's no reason to treat them differently. Counsel, to what extent does your argument trace back to the Major Crimes Act itself? And the language in 1153B, providing that the offense shall be, and I'm quoting, punished in accordance with the laws of the state in which such offense was committed. Right. Well, I mean, this Court has interpreted that language in cases like Garcia and said, essentially what that means is you incorporate the state law mandatories and maximums. Other than that, you apply federal sentencing within that range. And it's just a way to reconcile the Indian Major Crimes Act with the fact that the, you know, I think it's 3551 says. But your point is that this isn't a true mandatory minimum. That's right. And for that question of whether it's a true mandatory minimum, you do look to state law. I mean, that's what Garcia says. And what Jones says is that you take into account the fact that it's not a mandatory sentence in state court in determining whether a mandatory minimum that looks like one is actually one. I'll reserve the remainder of this time. Thank you. May it please the Court. Lena Alum for the United States. Mr. Mason asked this court to, through a side door, achieve the result that this court specifically declined to do through the front door in Wood and in Polk. In sum, in Wood and in Polk, this court held that federal district courts may not apply state suspension or deferral schemes to undermine mandatory minimums. And as in Garcia, that federal courts adopt only the mandatory minimum and maximum. The question, as raised in Jones, is whether the existence of a state deferral or suspension statute undermines that mandatory minimum. But in Wood, this court explicitly discussed that the same state deferral or suspension statute at issue here and concluded that the same state burglary statute at issue here contained a mandatory minimum, despite specifically addressing the existence of a suspension statute that, under Mr. Mason's argument, would undermine that mandatory minimum. By stating in the final sentence of Wood that Title 21, Section 1436 in the Oklahoma statutes contained a mandatory minimum at the time of two years, despite Section 991A, Wood explicitly held that that was a mandatory minimum and the existence... Counsel, did it contain a mandatory minimum? It did. How so? The difference, it's as Judge Kelly said, just because there are circumstances under which a court may sentence under a mandatory minimum does not make that mandatory minimum less applicable and... Didn't Jones say exactly the opposite? No. And Jones' critical distinction was in the language of the statute itself. And that's where you're going to have a quibble with Mr. Sandiford, right? Because he thinks that the language is pretty much the same. And the critical difference here is... And for purposes of district court sentencing, it's an important difference, is in New Mexico, a federal district court has no choice in trying to determine what the state mandatory minimum is or what a state sentencing range is, has no choice but to go behind the criminal statute into this whole New Mexico sentencing scheme of basic sentences. Yeah, but if I'm an Oklahoma sentencing judge in a first-degree burglary case and I don't want to impose, what is it, seven years? I don't have to. If you were an Oklahoma state judge, you don't have to. That's absolutely correct. That's absolutely correct. Yes. So it's really not a mandatory minimum. Seven years isn't a mandatory minimum if I'm an Oklahoma state court judge. It is a mandatory minimum under which a court may depart, just as in federal court under 3553E... Well, that doesn't sound very mandatory to me. If I don't have to do the seven years, it's not mandatory. Because the state statute in question specifies no less than seven years nor more than 20, it does constitute a mandatory minimum. Well, if I ignore the other statute, sure, but I don't have to. Again, if I'm sitting there in the state district court in Oklahoma and I'm sentencing, I am not bound by seven years. Not if you make the findings necessary under Section 991A. That's correct. However, the distinction between the Oklahoma statute at issue here and in Wood and the New Mexico basic sentencing scheme is fundamental. Title 21 of the Oklahoma statutes, which is where 1436 is found, is titled Crimes and Punishments. And in that statute, or in that title, all the crimes are listed with their commensurate punishments. In New Mexico's Title 30, that just lists crimes. Title 31, which is where the entire basic sentencing scheme is contained, contains the New Mexico Criminal Sentencing Act. In contrast, the suspension scheme here and the safety valve scheme discussed in Polk in Oklahoma are contained in Title 22, which is titled Criminal Procedure. And the titles aren't the key here. It's how the systems work. And that's the distinction that the Jones court really understood, which is in Oklahoma, you can just, as a federal district court judge, look at the Crimes and Punishments title and determine what the crime is, incorporate it, and incorporate the state minimum and maximum. In New Mexico, you can't do that. You can't just look at Title 30 and look at the New Mexico child abuse statute and know what the punishment is, or whether there's a mandatory minimum or maximum. You have to go through several iterations in a different title to figure out if there is, in fact, a mandatory minimum or maximum at all. And what Jones concluded was if you go through all of that, the state suspension statute prevents that basic sentence from being a mandatory minimum. And explicitly distinguished would, and this burglary statute in particular, which says if you just look at Title 21 of the Oklahoma statutes, you know what the mandatory minimum and maximum for the crime of first degree or second degree burglary are. And that distinction has to be the difference here. There is no way to reconcile Wood, Jones, Martinez, Polk, and Garcia, except if you give those words meaning. In Jones, they recognize that the language, no less than two years there, seven years here, was critical in distinguishing between Oklahoma's statutory scheme and New Mexico's statutory scheme. If those words didn't make a difference, then in discussing 991, the Oklahoma suspension statute in 2004, the Wood court could not have concluded that Oklahoma burglary statute 1436 nonetheless contained a two-year mandatory minimum. If the existence of a suspension statute elsewhere in the state's code undermined the existence of a mandatory minimum, the result in Wood would have been different. And for that reason, the distinction drawn by Jones isn't dicta. It was, in fact, required to distinguish Wood to reach the result that it did. And in this case, because it involves the precise statute addressed in Wood and distinguished in Jones, the result has to turn on the statutory language. The district court here assimilated first-degree burglary under Title 21, Section 1436. And in doing so, it also assimilated the mandatory minimum and maximum contained in 1436.1. That is, not less than seven years, nor more than 20. For that reason, yes? The legislature clearly stated a mandatory and a minimum. Yes, Your Honor. And the fact that the legislature, in another sentencing scheme, in another title of the Oklahoma Code, gave state district courts the opportunity to apply a safety valve, to suspend or defer a sentence based on other considerations, that does not alter the actual statutory mandatory minimum or maximum contained in the criminal code in Oklahoma. And for that reason, a federal court is bound by that statement, a minimum and maximum. And this court should affirm Mr. Mason's seven-year sentence for first-degree burglary. Different point, and probably doesn't matter, but I got a little confused in the beginning of the government's brief. This case doesn't have anything to do with the safety valve provision. No, Your Honor, and I think that's an error. Our brief at the least elides and probably confuses Section 985.1 and Section 991. I think we use EDSEC at some point to describe the entire state sentencing scheme as one scheme called the Oklahoma Safety Valve Act. That's incorrect. 985.1 is contained. That's what I thought. I just wanted to make sure. That's an error for which I apologize. But I think it doesn't affect the analysis at all. Both statutes are part of state sentencing schemes that are not to be applied by a federal sentencing court. Thank you, counsel. Thank you. Case is submitted. Did he have any time left? He didn't, did he? Fifteen seconds. Oh, okay. I'd give you 20. Always like to hear from you, but fine.